# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>KK REAL ESTATE INVESTMENT FUND, LLC,<br><br>Defendant(s). | Case No. 2:17-CV-1289 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Federal National Mortgage Association's ("Fannie Mae") motion for summary judgment. (ECF No. 9). Defendant KK Real Estate Investment Fund, LLC ("KK Real Estate") filed a response (ECF No. 11), to which Fannie Mae replied (ECF No. 13).

**I.  Facts**

This case involves a dispute over real property located at 4670 Spitfire Street, Las Vegas, Nevada 89115 (the "property"). (ECF No. 9 at 4). A deed of trust listing Genita B. Taylor as the borrower ("borrower"), Meridias Capital, Inc. as the lender ("lender"), and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary solely as nominee for lender and lender's successors and assigns, was recorded on July 28, 2005. *Id.*

The deed of trust granted lender a security interest in the property to secure the repayment of a loan originally in the amount of $134,500.00 to the borrower (the note and deed of trust are referred to together as the "loan"). *Id.* In September 2005, Fannie Mae purchased the loan, thereby obtaining a property interest in the deed of trust. *Id.* On January 23, 2013, the date of the HOA sale, Fannie Mae maintained its property interest in the deed of trust. *Id.*

**James C. Mahan**
**U.S. District Judge**

On or around April 2, 2012, MERS, as nominee for lender and lender's successors and assigns, recorded an assignment of the deed of trust to Fannie Mae. *Id.*

On January 24, 2013, the trustee's deed upon sale was recorded against the property. *Id.* The trustee's deed upon sale states that the property was sold in an HOA foreclosure sale on January 23, 2013 to KK Real Estate with a purchase price of $4,351.00 (the "HOA sale"). *Id.*

On September 6, 2008, pursuant to the Housing Economic Recovery Act of 2008, 12 U.S.C. § 4617 *et seq.* ("HERA"), Federal Housing Finance Agency's ("FHFA") director placed Fannie Mae into conservatorship. *Id.* at 5.

At no time did FHFA consent to any purported extinguishment of Fannie Mae's ownership interest in the property. *Id.* at 4.

On July 13, 2017, Fannie Mae filed the underlying complaint against KK Real Estate, alleging two claims for relief: (1) declaratory relief; and (2) quiet title. (ECF No. 1). Fannie Mae seeks declaratory judgment that its deed of trust is valid and continues to encumber the property, despite the HOA foreclosure sale. (ECF No. 1).

On June 22, 2017, KK Real Estate filed an answer and counterclaim for quiet title relief and for a preliminary and permanent injunction that Fannie Mae and its successors, assigns and agents are prohibited from initiating or continuing foreclosure proceedings and from selling or transferring the property. (ECF No. 7).

In the instant motion, Fannie Mae moves for summary judgment in its favor as to its claims for declaratory relief quiet title pertaining to 12 U.S.C. § 4617(j)(3) and challenging the constitutionality of the non-judicial foreclosure provisions of NRS 116. (ECF No. 9).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

James C. Mahan
U.S. District Judge

- 2 -

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040,

1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. Discussion

As an initial matter, the court takes judicial notice of the following: (1) the facts discussed in paragraphs 1-4 of the "Undisputed Facts" section of the instant motion (ECF No. 9 at 4) [1]; (2) exhibits 1-4 to the instant motion (ECF No. 9 at Exs. 1-4)[2]; (3) FHFA's statement regarding its policy not to consent to the extinguishment of property (ECF No. 9 at 4; ECF No. 9 at Ex. 5)[3]; and (4) the fact that Fannie Mae was placed under FHFA's conservatorship in 2008. [4]

In the instant motion, Fannie Mae argues that summary judgment in its favor is proper as to its claims for declaratory relief and quiet title because 12 U.S.C. § 4617(j)(3) ("the federal foreclosure bar") preempts contrary state law. (ECF No. 9 at 6).

In response, KK Real Estate raises numerous arguments in opposition to Fannie Mae's motion. KK Real Estate argues that the federal foreclosure bar does not preempt NRS 116 and thus does not invalidate HOA lien foreclosure sales, that Fannie Mae lacks standing to invoke the

---

[1] *See, e.g.*, *Harlow v. MTC Fin. Inc.*, 865 F. Supp. 2d 1095, 1097 (D. Nev. 2012) ("When ruling on a motion for summary judgment, the Court may take judicial notice of matters of public record, including recorded documents.").

[2] *Id.*

[3] Courts may take judicial notice of statements that are available on a federal website that is not subject to reasonable dispute, *see, e.g., Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 985, 988 n.6 (D. Nev. 2014) (taking judicial notice of document on FDIC website.).

[4] *Id.*; FHFA, *History of Fannie Mae & Freddie Mac Conservatorships*, http://www.fhfa.gov/Conservatorship.

federal foreclosure bar, and that Fannie Mae has failed to prove it has a property interest because it did not provide evidence that the original note was validly transferred to it. (ECF No. 11). KK Real estate further argues that Fannie Mae's due process rights have not been violated because it failed to show it did not receive actual notice of the foreclosure sale. *Id.*

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent explicit agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at \*7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

James C. Mahan
U.S. District Judge

- 5 -

Here, Fannie Mae purchased the loan in September 2005 and MERS recorded an assignment of the deed of trust to Fannie Mae on April 2, 2012. Accordingly, Fannie Mae was both the owner of the loan and beneficiary of record of the deed of trust. This is sufficiently supported by publicly recorded documents and business records supplied by Fannie Mae. (ECF No. 9 at 8-9). Further, KK Real Estate presents no contravening evidence as to the ownership of the loan at the time of the HOA foreclosure sale. For purposes of asserting the federal foreclosure bar, Fannie Mae only need establish it owns or holds the note (the note, together with the deed of trust comprise the loan), not that it is entitled to enforce the note, as KK Real Estate alleges. 12 U.S.C. § 4617(j)(3).

Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and privileges of Fannie Mae. *See* 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for Fannie Mae prior to the HOA foreclosure sale on September 23, 2013.

FHFA did not consent to the extinguishment of Fannie Mae's property interest through the HOA foreclosure sale. As the Ninth Circuit held in *Berezovsky*, "[t]he Federal Foreclosure Bar does not require the Agency to actively resist foreclosure. Rather, the statutory language cloaks agency property with Congressional protection unless or until the Agency affirmatively relinquishes it." 869 F.3d at 929. Thus, the plain language of § 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the deed of trust.

Fannie Mae has standing to invoke the federal foreclosure bar. FHFA does not need to be a party to the litigation in order to invoke § 4617(j)(3). *See Saticoy Bay, LLC Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 Fed. Appx. 658, 2017 WL 4712396 (9th Cir. Oct. 20, 2017) (holding a loan servicer, in addition to Fannie Mae, has standing to assert a claim of federal preemption); *Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017). Similarly, the Nevada Supreme Court recently held that the powers set forth in HERA and FHFA's regulations are intentionally broad and not limited in use only to FHFA. *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017) (holding that authorized servicers of Fannie Mae "may argue that the Federal Foreclosure Bar preempts NRS 116.3116, and that neither

James C. Mahan
U.S. District Judge

- 6 -

[the Enterprise] nor the FHFA need be joined as a party."). Further, 12 C.F.R. § 1237.3 gives FHFA the authority to delegate through Fannie Mae.

KK Real Estate argues that since notices regarding the HOA foreclosure sale were allegedly sent to all interested parties, Fannie Mae's due process rights were not violated. As held in *Bourne Valley*, the facially unconstitutional opt-in scheme of NRS section 116.31116 cannot be assuaged by a given instance of actual notice. *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016); *See also Garcia-Rubiera v. Calderon*, 570 F.3d 443, 456 (1st Cir. 2009) (where a statute facially fails to provide notice in accordance with due process, actual notice cannot defeat a facial due process claim.). Accordingly, KK Real Estate's purported notification of all interested parties "cannot save the facially unconstitutional statutory provisions" of NRS section 116. *Bank of New York Mellon v. Ravenstar Invs.*, No. 317-cv-00116-RCJ-VPC, 2017 WL 2588088, at *4 (D. Nev. June 14, 2017).

KK Real Estate's Rule 56(d) request for additional discovery is denied as unnecessary. Through business records and publically recorded documents, Fannie Mae has sufficiently shown its interest in the property. Further, KK Real Estate requests additional discovery on the issues of standing and due process. As discussed above, Fannie Mae does have standing to assert the federal foreclosure bar, and NRS 116 is unconstitutional as a matter of law. Additional factual discovery on these issues will not assist KK Real Estate in avoiding summary judgment.

Fannie Mae obtained its interest in the property prior to the alleged HOA foreclosure sale. As Fannie Mae was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, Fannie Mae's interest in the property survived the alleged foreclosure. Fannie Mae is entitled to summary judgment on its quiet title and declaratory relief claims.

Accordingly, the HOA's foreclosure sale of its superpriority interest on the property did not extinguish Fannie Mae's interest in the property secured by the deed of trust or convey the property free and clear to KK Real Estate because FHFA did not consent as required under § 4617(j)(3). Therefore, Fannie Mae is entitled to summary judgment on its declaratory relief and quiet title claims.

**James C. Mahan**
**U.S. District Judge**

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Fannie Mae's motion for summary judgment (ECF No. 9) be, and the same hereby is, GRANTED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED January 23, 2018.

_____
UNITED STATES DISTRICT JUDGE